LABORDE, Judge.
This is a worker’s compensation case filed by plaintiff, Johnny L. Vice, against his *679 employer, Consolidated Aluminum, Inc. Johnny alleges that he is totally and permanently disabled due to back injuries he sustained as a result of a job related accident that occurred on or about November 27, 1979. Consolidated Aluminum contests Johnny’s claim for benefits denying the occurrence of an accident.
The trial court found that Johnny did sustain an accident during the course and scope of his employment on or about November 27, 1979. The trial court further found that Johnny suffered a disability as a result of this accident and that this disability should be classified as a permanent partial disability of the back. Therefore, the trial court rendered judgment in favor of Johnny awarding him compensation in the amount of $141.00 per week for 450 weeks pursuant to LSA:R.S. 23:1221(3), plus all reasonable medical expenses. Consolidated Aluminum appeals and Johnny answers requesting that he be awarded compensation benefits for a total and permanent disability. Johnny also requests that his claim for penalties and attorney’s fees, which was rejected by the trial court, be granted. We affirm the ruling of the trial court.
The main issue presented on appeal is whether or not the trial court erred in finding that Johnny had a compensable accident on or about November 27, 1979.
The record shows that Johnny began working for Consolidated Aluminum in August of 1979. Johnny testified that on or about November 27, 1979, he was working the evening shift (3:00 P.M. — 11:00 P.M.) and injured his back as he was removing balls of coke from under the “B” line conveyor. Johnny stated that as he attempted to lift one of these pieces of coke, he raised up and struck his back on a catwalk. Johnny then attempted to lift the piece of coke again and as he did so, he stated that he felt a pull in his back.
Joe Simon, a fellow employee of Johnny’s, testified that he remembered seeing Johnny hitting his back on the catwalk. Simon stated that he came over to help Johnny lift the piece of coke but that Johnny could not lift it. Simon further stated that Johnny was complaining of his back hurting and that he could hardly straighten up. Simon advised Johnny that he had better report the accident to their foreman at their 9:00 P.M. break. As Simon and Johnny walked into the lunch room at their break, Simon testified that Johnny walked over and talked to the foreman.
Johnny testified that he did in fact report his accident to his foreman, Don Royer, at the 9:00 P.M. break. Johnny also testified that he continued working his shift that evening but was unable to drive himself home from work.
Greg Oliver, a friend and co-employee of Johnny’s, stated that Johnny complained to him of the pain in his back and that Johnny could not drive himself home. Therefore, Oliver drove Johnny home in Johnny’s truck. This fact was confirmed by the testimony of Oliver’s girlfriend and Johnny’s wife who testified that Oliver did in fact drive Johnny home on the night of the accident.
After considering the testimony of these and other witnesses, the trial court concluded that Johnny met his burden of proving that an accident occurred on or about November 27, 1979.
Consolidated Aluminum appeals contending that Johnny failed to meet his burden of proving that an accident occurred.
To support their contention, Consolidated called Don Royer, Johnny’s foreman, who denied that Johnny reported the accident to him. Consolidated introduced evidence tending to show that the accident was not reported until the later part of December, 1979. Consolidated emphasizes the fact that neither Johnny nor any of his witnesses could testify with absolute certainty as to the exact date of the accident.
Consolidated also introduced time and payroll records to show that Johnny was not working the evening shift on or about November 27, 1979. Using these records, Consolidated attempted to show that Johnny and Oliver were not working together on the same shift for several weeks before or after the alleged accident.
*680 Given the contradictory evidence and testimony in this case, we appreciate the difficult decision which confronted the trial court. The trial court’s written reasons for judgment show that it thoroughly examined and reviewed the testimony and evidence presented by both parties in reaching its decision in this matter. In denying Consolidated’s motion for new trial, the trial court ácknowledged that it had difficulty in reaching its decision but it still felt the right conclusion was reached. The trial court stated:
“I think you hit the head of the nail as far as this particular case is concerned, and it got down to the question of proof. I had my difficulties, too, in analyzing it and trying to come about with the conclusion that I arrived at. As far as the exact time and date, I had to consider that fact that I had not only his testimony that the accident happened, and how it happened, but I had his co-worker which testified which substantiated that the accident happened and in the way that he said it happened. Together with the other testimony of the individuals as to not the time, but close proximity, the complaints of the accident later on, all of these put together, I would have had to say that they were all lying to me. I’m not saying that that is an impossible thing, but it just got right down—I believed it because it was substantiated from one end to the other except for the fact of the exact time. I noticed in the record that the time insofar as the accident occurring would not match up with the work sheets, but I just couldn’t get around the other portion. I still feel that I reached the right conclusion from what I had, and I don’t think that I would be gaining anything by getting a new trial under the circumstances.”
After reviewing the record of this case, we are unable to conclude that the trial court’s finding is clearly wrong. Therefore, the trial court’s finding will not be disturbed. Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300 (La.1979).
Johnny answers Consolidated’s appeal and argues that he is totally and permanently disabled and should be awarded benefits accordingly. We find no merit to this contention.
The record shows that as a result of his injury, Johnny underwent surgery to alleviate the impingement of a nerve in his spine. Dr. William G. Akins, the surgeon who performed the operation testified that at the end of treatment, Johnny would have only a 10-20 percent disability. Dr. Norman Morin, an orthopedic surgeon who conducted a thorough examination of Johnny, concluded that he had only a 15 percent disability of the body as a whole.
The record also shows that there are jobs available in which Johnny can perform given his age, educational background and work experience. Therefore, we conclude that the trial court was correct in classifying Johnny’s disability as a permanent partial disability instead of a total and permanent disability.
Finally, Johnny asserts that he is entitled to penalties and attorney’s fees for Consolidated’s arbitrary failure to pay compensation benefits. The record clearly reveals that there was a genuine and serious dispute as to whether or not an accident occurred. Given the facts of this case, Consolidated had probable cause to refuse payment of benefits. Therefore, we cannot conclude that their refusal to pay benefits subjects them to liability for penalties and attorney’s fees.
For the foregoing reasons the judgment of the lower court is affirmed. All costs are to be assessed to defendant-appellant, Consolidated Aluminum, Inc.
AFFIRMED.